# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROSAURA PAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 3341 |
| | ) |
| WAUCONDA HEALTHCARE and | ) |
| REHABILITATION CENTRE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Wauconda Healthcare & Rehabilitation Center, LLC's ("Wauconda") motion for summary judgment. For the reasons stated below, we grant Wauconda's motion for summary judgment in its entirety.

## BACKGROUND

Plaintiff Rosaura Paz ("Paz"), who describes herself as being of "Mexican" national origin, (Compl. Par. 9), began working for Wauconda in December of 2000 as a cook. Paz claims that her supervisor, Charlene Li ("Li"), treated the employees that were of Mexican national origin differently than other employees. Paz claims that Li made it known that she thought that those of Mexican national

origin came to the United States "just to cause problems." (Compl. Par. 10). Paz alleges that in the summer of 2002 she, along with other employees that were of Mexican national origin, complained about Li's alleged discriminatory conduct and treatment. Paz alleges that she was told by the individual that she complained to not to tell her co-workers about her complaints. Paz argues that no action was taken by Wauconda to correct the problems concerning Li's alleged behavior. Paz claims that in September of 2002, she learned that she was pregnant and immediately informed Li. According to Paz, Li responded by asking her why she was having more kids, regretting that soon Paz would be complaining that she could not lift any heavy objects, and suggesting that if Paz wanted to keep her job, she should have an abortion. Paz claims that she initially decided to have an abortion in order to retain her job, but later decided against having an abortion. Paz claims that Li unjustly accused her of overcooking bacon in October of 2003, and Paz immediately complained to Human Resources at Wauconda about the alleged discrimination by Li. Paz claims that while at Human Resources, she mentioned that she was not feeling well and she was told that she could leave work for the day. Paz claims that when she went back to the kitchen before leaving, Li told Paz that she could never return to work. Paz claims that she returned to Human Resources and verified that they authorized her to leave for the day. Paz claims that when she reported to work the next day, she noticed that she had been taken off the schedule. Paz claims that, after she worked for several hours, she asked Li why she was not on the schedule and Li informed her that she was fired. Wauconda claims that Li did not have

authority to fire Paz, that Paz never consulted with the proper individuals at Wauconda regarding her belief that she had been fired, and that Paz abandoned her job. Paz includes in her complaint a claim alleging discrimination because of her national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII pregnancy discrimination claim (Count II), a Title VII retaliation claim (Count III), and an intentional infliction of emotional distress ("IIED") claim (Count IV).

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for

trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

In order to defeat a motion for summary judgment on a Title VII discrimination or retaliation claim, a plaintiff can proceed under the direct method of proof or the indirect method of proof. *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1028 (7th Cir. 2004); *Clay v. Holy Cross Hospital*, 253 F.3d 1000, 1005 (7th Cir. 2001); *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). The Pregnancy Discrimination Act amended Title VII, making it clear that discrimination against an individual because she is pregnant, falls within the prohibition of discrimination based upon sex. *Clay*, 253 F.3d at 1005; 42 U.S.C. § 2000e(k)(stating that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes. . . as other persons not so affected but

similar in their ability or inability to work. . . .").

I. Direct Method of Proof

Paz argues that she can proceed under the direct method of proof on her claims. Under the direct method of proof, the plaintiff can show through direct or circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible purpose, such as her race or national origin." *Pafford*, 148 F.3d at 665. However, a plaintiff cannot proceed under the direct method by merely pointing to evidence that allows for an inference of discrimination. *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997). Rather, a plaintiff is required under the direct method to point to "enough evidence, whether direct or, more commonly . . . circumstantial, to create a triable issue of whether the adverse employment action of which he complains had a discriminatory motivation--whether he was fired, or denied a promotion, or not hired, or paid less, because of the racial or other protected group to which he belongs." *Id.*; *See also Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 612 (7th Cir. 2001)(stating that evidence to proceed under the direct method of proof is usually a "smoking gun" remark by a supervisor or some overt act of discrimination); *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000)(stating that under the direct method of proof a plaintiff generally must point to overt "smoking gun remarks indicating intentional discrimination. . . ."). A plaintiff cannot proceed under the direct method based on comments made long before the

alleged adverse employment action or on comments "made by individuals who had no involvement or influence over the decision making process that led to" the plaintiff's termination. *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1066 (7th Cir. 2003).

In the instant action, Paz has failed to point to evidence that would allow her to proceed under the direct method of proof. Paz argues that there is evidence that Li treated employees that were of Mexican national origin less favorably and made comments about Mexican people in general. However, such evidence falls far short of the type of evidence that shows animus towards Paz. Such evidence fails to specifically show that Li fired Paz because of her national origin, or because she was pregnant, and/or because she complained about Li to Human Resources. Thus, Paz cannot proceed under the direct method of proof to defeat Wauconda's motion for summary judgment.

II. Indirect Method of Proof

Wauconda argues that Paz cannot succeed on any of her Title VII claims under the indirect method of proof. Under the indirect approach, the plaintiff must establish a *prima facie* case which will allow an inference of discrimination. *Id.* To establish a *prima facie* case of race discrimination, a plaintiff must show: "(1) that [h]e was a member of a protected class; (2) that [h]e was performing h[is] job satisfactorily; (3) that [h]e experienced an adverse employment action; and (4) that similarly situated individuals were treated more favorably." *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002); *see also Clay*, 253 F.3d at 1005(defining that same

indirect method prima facie case for a pregnancy discrimination claim);*Hottenroth*, 388 F.3d at 1028.

If a *prima facie* case is established, then there is a rebuttable presumption of discrimination and the employer is required to offer a "legitimate, non-discriminatory reason for the adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such a reason, the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination. *Id.*; *Clay*, 253 F.3d at 1005; *Hudson v. Chicago Transit Authority*, 375 F.3d 552, 559-60 (7th Cir. 2004).

A. Adverse Employment Action

Paz claims that Wauconda took an adverse employment action against her when Li allegedly told Paz that she was fired. However, Paz has admitted at her deposition and pursuant to Local Rule 56.1 that she does not know if Li had authority to fire her. ( R SF 35, Paz dep. 266). Paz also admits that she never complained to the Administrator at Wauconda after she thought that her employment had been terminated by Li, even though Paz had made a complaint to the Administrator the day before about Li regarding the overcooked bacon incident. ( R SF 18, Paz dep. 267-68). Thus, based upon the above admissions, no reasonable trier of fact could conclude that Wauconda had fired Paz and that an adverse employment action was taken against Paz. The evidence clearly indicates that Paz abandoned her job.

## B. Similarly Situated Employees

Wauconda argues that Paz has failed to point to a similarly situated employee that was not within her protected classes that was treated more favorably than Paz. Wauconda also argues that Paz has failed to point to a similarly situated employee that complained about alleged discrimination and was treated more favorably than Paz. An employee is similarly situated if the employee "is one who is 'directly comparable to [the plaintiff] in all material respects.'" *Rogers v. City of Chicago*, 320 F.3d 748, 755 (7th Cir. 2003)(quoting *Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002)).

Paz first attempts to avoid addressing the similarly situated element of the *prima facie* case by claiming that she need not address the element under *Flores v. Preferred Technical Group*, 182 F.3d 512 (7th Cir. 1999). First of all, the decision in *Flores* was issued in 1999 and since that time the Seventh Circuit has refined the elements in a *prima facie* case and has consistently included the similarly situated element in the *prima facie* case. *See e.g. Traylor*, 295 F.3d at 788; *Clay*, 253 F.3d at 1005; *Hudson*, 375 F.3d at 559-60. Secondly, in *Flores* the plaintiff had participated with other workers in a confrontation with supervisors regarding policy changes at the plaintiff's place of employment. 182 F.3d at 513. The court in *Flores* concluded that the key issue for the discrimination claim was not whether the plaintiff was meeting her employer's legitimate expectations, but rather was whether she was singled out for discipline because of her national origin. *Id.* at 515. The

court in *Flores* merely found that under the unique circumstances of that case, the *prima facie* case elements should be altered. *Id.* Also, in *Flores* the court merely referred to the "flexibility of the *McDonnell-Douglas* analysis. . . ." *Id.* at 515. The court did not state that a plaintiff could use that flexibility as a guise to alter the *prima facie* case and edit out any of the elements that the plaintiff is incapable of meeting, which is what Paz has attempted to do in the instant action. Paz merely points to *Flores* as a means of avoidance and does not provide any reasoning as to why the similarly situated element is not appropriate under the circumstances of the instant action. Paz has failed to provide any such explanation, despite the fact that Paz has been provided with an opportunity to do so in her answer to the instant motion for summary judgment. We find that in the instant action, the similarly situated element is entirely appropriate.

Paz fails, in her answer to the instant motion, to specifically point to similarly situated employees that were treated more favorably than Paz. Instead, Paz merely states generally, without citing to any evidence, that she "has in fact provided ample evidence that non-Mexicans were treated more favorable with regard to their employment, particularly with regard to their job assignments, shift assignments, breaks, and that they did not suffer constant remarks about their ethnicity in the workplace. (Ans. 9-10). Paz does not provide any elaboration for such a conclusory statement and does not refer to any specific evidence that would support her contention. Therefore, Paz has failed to point to any similarly situated employees for any of her claims.

## C. Reason and Pretext

Wauconda argues that, even if Paz were able to establish a *prima facie* case, Wauconda has offered a legitimate non-discriminatory reason for its actions taken against Paz, and Paz has not pointed to sufficient evidence of a pretext. Wauconda denies that Paz was ever fired, but that even if it was found that Wauconda had fired Paz, to the extent that any action was taken against Paz, it was because Paz performed her job poorly or because she left work without permission. Paz claims that she did not overcook the bacon and she claims that she was given permission to leave work. However, such arguments are not dispositive for the pretext analysis, because the focus of such an analysis is whether or not the given reason was an honest reason. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir.2000)(stating that a pretext "means a dishonest explanation, a lie rather than an oddity or an error."); *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir.2000)(explaining that the issue for a pretext determination is whether a reason was honest rather than whether it was "wise, or well-considered"). Paz has not pointed to evidence that would indicate that any of the actions of Wauconda were merely a pretext for discrimination because of Paz's national origin or because she was pregnant. Neither has Paz pointed to sufficient evidence that indicates that the reason was a pretext to engage in retaliation against Paz for complaining about Li. Paz argues that Li made statements about Mexican people, but Paz admits that Li only made one comment about Mexican people directly to her. ( R SF 29). The rest of her allegations concerning comments made by Li about Mexican people are based

upon speculation and inadmissible hearsay. In addition, Paz has failed to point to any evidence that shows that Li would have fired Paz if Li had the authority to do so because Paz was pregnant or because Paz complained about Li.

Aside from the fact that there is no evidence indicating that the reason given by Wauconda was a dishonest reason, there is evidence that indicates that Li did not have an animus towards Paz and that the reason was an honest reason. Paz admits that Li never demoted her. ( R SF 32). Paz also admits that she took a tape recorder to work on three days in an attempt to record Li making discriminatory remarks and that Paz was not able to tape any discriminatory remarks because Li did not make any such comments. ( R 42, 43, 44, Paz dep. 32). Thus, Paz has not pointed to sufficient evidence that would allow a reasonable trier of fact to find in her favor on the pretext issue. Therefore, based on all of the above analysis, we grant Wauconda's motion for summary judgment on the Title VII claims.

In regards to the remaining IIED claim, the Seventh Circuit has stated that where a court dismissed a federal claim and the sole basis for invoking federal jurisdiction is now nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 300 (7th Cir.2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims."); *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (7th Cir.1994)(stating that

"the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts."); *Timm v. Mead Corp.,* 32 F.3d 273, 277 (7th Cir.1994)(stating that in exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ."). We have granted Wauconda's motion for summary judgment on all the federal claims and Paz does not indicate in her complaint that his court has diversity subject matter jurisdiction over the remaining IIED claim. (Compl. Par. 1). Therefore, we find it appropriate to dismiss the IIED claim.

## CONCLUSION

Based on the foregoing analysis, we grant Wauconda's motion for summary judgment in its entirety and dismiss the IIED claim.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 23, 2005