# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROSAURA PAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 3341 |
| | ) |
| WAUCONDA HEALTHCARE and | ) |
| REHABILITATION CENTRE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Rosaura Paz's ("Paz") motion for reconsideration of our ruling issued on May 23, 2005, granting Defendant Wauconda Healthcare & Rehabilitation Centre, LLC's ("Wauconda") motion for summary judgment. For the reasons stated below, we deny Paz's motion for reconsideration.

## BACKGROUND

Plaintiff Rosaura Paz ("Paz"), who describes herself as being of "Mexican" national origin, (Compl. Par. 9), began working for Wauconda in December of 2000 as a cook. Paz claims that she was subjected to discrimination and retaliation because of her national origin by her supervisor, Charlene Li ("Li"). Paz included in her complaint a claim alleging discrimination because of her

national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII pregnancy discrimination claim (Count II), a Title VII retaliation claim (Count III), and an intentional infliction of emotional distress ("IIED") claim (Count IV). On May 23, 2005, we granted Wauconda's motion for summary judgment in its entirety on the Title VII claims and dismissed the remaining IIED state claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Paz presents the same arguments to the court in her motion for reconsideration that she presented in opposition to Wauconda's motion for summary judgment. Paz argues that the court committed a manifest error of law, but Paz has failed to show any error in the court's prior ruling. Paz begins her motion for reconsideration by lecturing the court about two legal precepts that are so "well settled" that "they hardly need repeating." (Recon. 1). Paz states that a court cannot make credibility determinations or weigh evidence when ruling on a motion for summary judgment. We agree with the two legal precepts mentioned by Paz, but as will be explained below, it is Paz rather than the court that should review those "well settled" legal precepts because this court did not act contrary to either precept when ruling on Wauconda's motion for summary judgment.

### I. Smoking Gun Evidence

Paz first complains about the court's reference to "smoking gun" evidence in relation to the direct method of proof. Paz argues that such evidence is not required under the direct method of proof. Paz claims that the references to "smoking gun" evidence were merely background statements in the cases cited by this court. However, Paz misrepresents the content of the court's prior ruling. Paz asserts that the court concluded "that Plaintiff is unable to proceed with her claims under the direct method of proof because she has not pointed to 'smoking gun' evidence."

3

(Recon. 1). Conveniently absent from Paz's motion for reconsideration is any citation to record indicating the page of such a statement by the court. In fact, the court made no such statement. The referenced phrase "smoking gun" evidence was merely included in the parentheticals attached to cases cited at the end of page 5 of the opinion. The court specifically provided in the opinion that under the direct method of proof, a plaintiff can show through direct or circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible purpose, such as her race or national origin." *Pafford*, 148 F.3d at 665. We also stated that a plaintiff cannot proceed under the direct method by merely pointing to evidence that allows for an inference of discrimination, *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997), and that a plaintiff is required under the direct method to point to "enough evidence, whether direct or, more commonly . . . circumstantial, to create a triable issue of whether the adverse employment action of which he complains had a discriminatory motivation--whether he was fired, or denied a promotion, or not hired, or paid less, because of the racial or other protected group to which he belongs." *Id.* Despite the above detailed recitation of the law regarding the direct method of proof included in the body of our prior opinion, Paz neglected to mention the recitation and has focused on two words contained in two parentheticals in the opinion.

Paz has also failed to even show that the parentheticals included in the prior opinion contain any error. Paz argues that the Seventh Circuit clearly did not intend

to make rulings as stated in our parentheticals and Paz claims that his position is supported by the Seventh Circuit's ruling in *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 738 (7th Cir. 1994) which Paz apparently contends clarified the issue. However, the ruling in *Troupe* could not have been intended to shed light upon the two Seventh Circuit decisions cited by this court because *Troupe* was decided in 1994, whereas, the cases cited by this court were decided in 2000 and 2001. Paz would have the court blindly follow *Troupe* without considering any other Seventh Circuit case law on this issue because Paz believes *Troupe* to be decided in her favor. However, the fact is there has been additional case law created by the Seventh Circuit since 1994 dealing with this issue that was properly considered and noted by the court in its prior ruling.

## II. Personal Animus

Paz next claims that the court erred by asserting that Paz had to show that Li had a personal animus towards Paz rather than an animus towards persons of Mexican national origin. Again, conveniently absent from Paz's motion for reconsideration on this point is any citation to the record indicating the page on which the court made such a statement. The rule of law included in our prior opinion, which is included above, clearly states that the animus related to the plaintiff's national origin. In our prior opinion we stated that the evidence pointed to by Paz "falls far short of the type of evidence that show animus towards Paz," and

we continued onward to state that "[s]uch evidence fails to specifically show that Li fired Paz because of her national origin. . . ." (5/23/05 OP 6). Thus, Paz incorrectly asserts that the court found that Paz was required to show that Li merely held a personal animus towards Paz simply because she did not like Paz. Paz also argues that the animus must be towards "the protected groups to which" Paz belonged, but not necessarily towards Paz herself. (Recon. 2). Paz's argument makes little sense because, if Li were to have an animus towards persons of Mexican national origin, it would follow that Li would have an animus towards Paz who is a person of Mexican national origin. Paz offers no support for her position that the focus in this action should be on animus towards persons of Mexican national origin in the abstract and not on an animus towards Paz because she is of Mexican national origin. *Sartor v. Spherion Corp.*, 388 F.3d 275, 278 (7th Cir. 2004)(indicating that the issue was whether the defendant company was motivated to fire [the plaintiff] because of her race."); *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 475-76 (7th Cir. 2004)(stating that "Title VII forbids certain employers 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of' his race.")(quoting in part 42 U.S.C. § 2000e-2(a)(1)).

Paz also complains that the court, in concluding that there was insufficient evidence of animus to defeat Wauconda's motion for summary judgment, "failed to address or even acknowledge the extensive evidence provided by" her. (Recons. 3).

However, the court is not required to make specific reference to every piece of evidence it reviews and Paz incorrectly presumes to know exactly what evidence was considered by the court. The court gave a thorough consideration to all of the evidence submitted by both parties when rendering its decision.

Paz also argues that the court improperly weighed the evidence and gave lesser weight to her evidence regarding animus. However, the court did not weigh any evidence. Rather, the court considered the evidence pointed to by Paz and found that Paz had not pointed to sufficient evidence for a reasonable trier of fact to find in her favor. Paz asks the court to give consideration to remarks reported to her by co-workers that constitute double hearsay and are abstract and unreliable, despite the fact that Paz herself admits that she herself only heard one alleged disparaging comment.

### III. Admissibility of Co-Workers Statements

Paz argues that the court should consider the hearsay statements made by two of Paz's co-workers that indicate that Li repeatedly made disparaging remarks about persons that are of Mexican national origin. Paz cites *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) for the proposition that the court can consider evidence that is hearsay if it represents testimony that will be admissible at trial. However, in *Payne* the Court specifically found that the plaintiff's "account is not based on speculation, intuition, or rumor" and that "[s]he has submitted a very detailed factual

account of the incident based upon her first-hand experience with Officer Pauley." *Id.* at 773. Unlike in *Payne*, in the instant action Paz has not presented any detailed account based upon her first-hand experience. The Court in *Payne* also stated that although "[e]vidence presented to defeat a summary judgment motion need not be in admissible form, but it must be admissible in content." *Id.* at 775. The Seventh Circuit has specifically stated that "hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial. . . ." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). The Seventh Circuit has made an exception stating that "affidavits and depositions, which (especially affidavits) are not generally admissible at trial, are admissible in summary judgment proceedings to establish the truth of what is attested or deposed. . . ." *Id.* In the instant action, Paz did not present the affidavits of her co-employees that allegedly heard Li make the disparaging statements. Neither did Paz subpoena either co-employee for a deposition. Instead, Paz has relied upon the notes of the EEOC investigator which did not necessarily contain the precise statements of the co-employees. Further, the content of the notes is not sworn to be accurate and true by the EEOC investigator. Such abstract and unreliable evidence cannot be considered for the purposes of summary judgment. Although Paz argues that she "is entitled to a jury determination of her claims," (Recon. 7), Paz is not entitled to go before the jury and ask the jury to find in her favor based on nothing more than her own speculation and such unreliable evidence.

IV. Adverse Employment Action

Paz rehashes her same arguments regarding whether there was an adverse employment action. Paz continues to claim that Li made statements showed that Paz's employment was terminated by Li. However, as we indicated in our prior ruling, despite Li's alleged statements, Paz admits that she did not know whether Li had the authority to fire her. Paz acknowledged that before her final confrontation with Li, Paz complained to the Administrator at Wauconda. However, after the final altercation with Li, Paz never complained to the Administrator or checked to see if her employment was terminated. Thus, no reasonable trier of fact could conclude that Paz suffered an adverse employment action.

V. Pretext Analysis

Paz next argues that the court erred in its pretext analysis. Paz points to a sentence in the court's prior ruling that Paz claims shows that the court made an impermissible finding of fact. In fact, Paz has quoted one isolated sentence from the opinion and has taken the sentence out of context and altered the sentence's true meaning. In our prior ruling, we stated that "even if it were *found* that Paz had fired Paz, to the extent that any action was taken against Paz, it was because Paz performed her job poorly or because she left work without permission." (5/23/05 Op 10). Paz argues that because we used the word "found," we made a factual finding as the finder of fact. However, in the sentence before the above sentence we state

that "even if Paz were able to establish a *prima facie* case" Paz has not pointed to sufficient evidence of a pretext. (5/23/05 OP 10). We also make it clear in our rule of law, provided on page 7 of the opinion that we properly applied the *McDonnel-Douglas* burden shifting analysis. We made no factual findings in our prior ruling and merely addressed the pretext in the analysis because, even if Paz were to establish her *prima facie* case, she has not shown that the given reason by Defendants was a pretext. Paz also again complains about the pieces of evidence that were not discussed by the court in its prior ruling. However, as is explained above, nothing requires a court to address in writing every piece of evidence that it has reviewed and Paz improperly presumes to know what evidence the court reviewed and considered. Paz argues that she "has set forth evidence of pretext and this case must be decided by a jury, not by this Court." (Recon. 14). However, Paz was required to do more than simply set forth "evidence of pretext." (Recon. 14). In order to defeat Wauconda's motion for summary judgment, Paz was required to set forth sufficient evidence to entitle her to proceed onward to trial and Paz did not do so.

VI. Intentional Infliction of Emotional Distress Claim

Paz argues that the court should have remanded her claim to state court rather than dismissing the claim. Paz does not bother to address either of the Seventh Circuit cases cited in our prior opinion that indicate that such claims should be

10

dismissed. *See e.g. Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(stating that "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits" and citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) in which the court stated "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Paz fails to provide any explanation as to why the claim should be remanded other than one conclusory sentence followed by a citation to 28 U.S.C. § 1367 which does not support Paz's position. Thus, Paz has failed to show that the dismissal of the IIED claim was improper.

## VII. Improper Characterization of Evidence

Paz attempts in her motion for reconsideration to improperly characterize the evidence in this action in order to alter the evidence that was actually presented to the court when ruling on Wauconda's motion for summary judgment. For example, in footnote 1 of Paz's motion for reconsideration, Paz contends that "plaintiff submitted evidence that comments made [sic] repeatedly in her presence throughout her employment." (Recon. 1 n.1). Paz provides no citation to the record regarding any such evidence. In fact, Paz admitted at her deposition and admitted pursuant to Local Rule 56.1 that Li made only one comment directly to Paz. ( Paz dep. 205; R

11

SF 29). Paz also attempts to negate the content of her deposition apparently in order to show that the court erred in considering the statements made directly by Paz at her own deposition. Paz states in her motion for reconsideration in a footnote that "[i]t should be noted that Plaintiff's primary language is Spanish and that at her deposition, Plaintiff did not have the benefit of any interpreter to assist with any language difficulties or nuances." (Recon. 14, n.7). However, what Paz fails to mention in her motion for reconsideration is that at the deposition she was asked specifically: "Do you need an interpreter for this deposition?" and she replied "No that's okay." (Paz dep. 24). Paz cannot now change her mind and claim that her deposition should have been done with an interpreter simply because she made statements that turned out to be damaging to her case and because she was unable to defeat Defendants' motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny Paz's motion for reconsideration.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 29, 2005

12